1830 Jose Antonio Reyes-Ramos v. A.M.P. Barr Judge, this is an immigration case where the backdrop of this case is Ira-Ira, which was enacted by President Clinton. And with Ira-Ira, Congress basically delineated two ways for aliens to have either asylum or withholding claims. And when a person was put into expedited removal, then he was able to apply for a credible fare. If there was a restatement of a prior removal order like this petition was, he would apply for a reasonable fare. In this case, the petitioner did apply for a reasonable fare. He went in front of an asylum officer who denied his reasonable fare, and then did appeal that to the immigration judge who also denied his reasonable fare request. The basis of his claim was that the petitioner was from El Salvador. There was a time when he was severely beaten by the gangs. There was a second time when he was threatened with a gun, and he was told if he didn't join the gangs, he would be killed. And there was a third time when he was shot in the leg by the gangs. And a fourth time where the gangs went up to the petitioner's family and also threatened them that if he didn't join, he would be killed. Can I just, before I get too far into your argument, I just want to set the stage a little bit in my own mind. This is a withholding case, right? This is a withholding case. He had his first opportunity in front of an asylum officer, and then, as you say, that decision, the credible fare determination, was reviewed by an IJ. There is an issue in this case about what the IJ's standard of review is. I take it. No. But there may be a question about what our standard of review is with respect to the IJ. Yes. And, Judge, also in the backdrop. The IJ's determination. The backdrop also is that in 2018, the Attorney General came out with a matter of AB, and matter of AB said that basically domestic violence and gang-related cases are on a basis for asylum. And we feel that even though it's not stated in the asylum officers, that was the rule that they were following at that time. In this case? In this case. Matter of AB. But hasn't our circuit ruled on several occasions that resistance to joining a gang is not a particular, people who resist joining gangs are not a particular social group? That's true. So how are we bound by that? But that shouldn't prevent this respondent to having a full hearing. What's the social group here? The social group here would be resistance to gangs. And we have authority saying that's not a social group. You can't win unless it's a social group. But from this court, Beltran v. Holder, still says that opposition, well the First Circuit has opposition to gang membership. That shouldn't prevent an opportunity for the petitioner to present his claims in a full withholding case. Sure, he might have some other, might be able to show there's something else going on in some other social group. But even as of today, there's no suggestion that you're seeking to advance any membership in any social group other than one that this circuit has repeatedly said does not meet the statutory criteria. Are you saying that in any particular case, it should be available to demonstrate the facts that would show it is a particular social group? Even if we've held in other cases that gang resistance on that record didn't qualify as a particular social group? I'm saying he should be afforded an opportunity. To do what? To present evidence. That what? Evidence that what? That he does have persecution and that he is eligible. But to do that, he's got to have a social group that he was, harm was done to him on account of being in that social group. Wouldn't you want to show that in a particular country, unlike the ones of our other cases, there's actually the way that culture, the laws, there is recognition given of that distinct group. So you introduce a factor that we didn't have in our other cases. Yes. And you're saying you didn't get that chance? Yes. The problem, though, is I understood that you were, after the IJA confirmed your testimony before the asylum officer, he asked your client if he wanted to add anything else or is there anything that the asylum officer missed? And the response was he did not. He then asked for his counsel if he wanted to elicit anything else, and he talked about fear of returning to El Salvador. So why wasn't that his chance? Go ahead.  He told me to have a full hearing, full withholding in front of the immigration judge. But is the idea that the immigration judge, by relying on a matter of AB, precluded you from doing that? Is that the argument? The immigration judge didn't cite AB. But is that your argument that you're treating him as if he relied on a matter of AB and that's why you were denied the opportunity to make him work? Yes. Particularized showing? Yes. Okay. So what you want us to do is conclude that insofar as you rely on a matter of AB, we have to conclude that a matter of AB is wrong insofar as it precludes a more particularized showing in a given case. Yes. Okay. What do we do about here that there was a separate nexus finding that you don't make any argument about the nexus? I thought the government treated you as having waived finding that there was no nexus between the social provider on that. Okay. On the torture claim, the judge concluded that there was no, since he didn't report this to the police, that he didn't have persecution. The government's brief, they say, alternatively, even if the court were to review the IJ's negative reasonable fear determination for substantial evidence, there's no basis for ruling in Reyes' favor. There's no indication of a statutorily correct account was or likely would be one central reason for alleged persecution. Before this court, Reyes essentially ignores the immigration judge's reasoning in the controlling case of supporting the immigration judge's decision. So what do you do about that? All of that is relating to nexus as I understood it. What evidence is there for showing that this was on account of him being in the social group? And what argument did you make to us that the record supports the conclusion? Not that it counts as a social group, but that this particular harm that was done to him was on account of him being in that social group. Well, this particular harm was done to him because he was in that social group that he was attacked that many times. I thought the IJ ruled the opposite way on that point. I thought the IJ's conclusion was it was just they just were going after anybody. He wasn't targeted in particular for that reason. Oh, I agree. I think he was absolutely right. Did you argue to us that the record shows otherwise? Yes. Thank you. I just didn't see where... He credibly testified he was beaten because of his refusal to join the gang. That's fine. Counsel, we'll check the briefs ourselves just to be sure on that. Is there any final point you wanted to make? No, Judge. Okay. Well, thank you very much. May it please the Court. I'm Christina Greer on behalf of the United States Attorney General. Your Honors, the Court should review the immigration judge's determination in this case under the facially legitimate and bona fide standard. But do we have to? Would you not also prevail on substantial evidence, the Ninth Circuit test? We would. We argue that we would prevail on both. And this circuit has not held whether it's... has not officially held whether the facially legitimate and bona fide standard or substantial evidence applies. Is there a crying need to resolve that question? Do you have some reason why it's important that we take that up? No, Your Honor, not in this case. Unless the Court were to find that, for some reason, the immigration judge's decision didn't meet the substantial evidence standard, then we would argue that it would need to address that. However, here, we don't believe there is such a need because the record does not compel the conclusion that the petitioner had or established a reasonable fear of persecution. And I can't remember whether you did or did not argue about whether we even have jurisdiction to hear the case. Did you raise that issue? We did not. Okay. The Court has raised it previously. Yeah, I knew that. There's a question there, but we don't... we did not. All right. But here, as the Court pointed out prior, this case is squarely controlled by First Circuit case law. There's case law holding that claims based on groups, such as here, persons who the MS gang retaliates for failure to join, do not generally meet the particularity or the social distinction requirements. And that's what the immigration judge here relied on, relying on those cases. To be precise, in those cases, on those records, we found that there was not... it didn't meet the definition. That's correct. I don't think we've ever gone so far as to say we cannot conceive of any case anywhere, or it's not possible categorically to do this. That's true. However, the standard for reasonable fear is whether there's a reasonable... whether the person can establish that there's a reasonable possibility that they would be able to gain asylum. And so looking to those cases is instructive when determining whether they have asserted a particular social group. Well, the only complicating fact here, we don't... do we know what the basis of the IJ... with respect to whether it qualified as a social group, do we know why the IJ reached the conclusion it did? He says that resistance to gang membership or revenge for resisting gang membership is insufficiently particular and lacks social distinction, and then cites First Circuit cases. And the First Circuit has held in those cases that, for example, in Larios, that the group was not particular because particularity is a question of boundaries. And the court held there that recruitment and resistance are amorphous and largely subjective to determine whether someone has been recruited, whether they're being retaliated against. And so it's reasonable to infer from the immigration judge's decision that he was relying on findings such as that in Larios and in Garcia-Callejas regarding particularity and social distinction. And even so, as was earlier pointed out, even regardless of the particular social group finding, there's also the conclusion about nexus, stating that he did not establish a nexus to that group, or to his membership in that group. Looking back to the Supreme Court's decision in Elias-Zacharias, that nexus is not established where the ultimate goal is increasing ranks and power and not there's some focus on this group as a group in order some sort of animus, some sort of targeting of this group. Instead, it is attempting to increase ranks. Does that go to defining the social group or to the persecution problem? That goes to the on-account-of problem. Because while Petitioner argued that he was targeted because of, there's a difference between because of and on account of, or one central reason. So in the statute it says on account of, and then later it says one central reason. So that's not the same as because of. Many things can be factors that lead to something happening. But here, the question that was resolved in Elias-Zacharias, and that was dealing with political opinion, whether it could be imputed onto someone, their political opinion as being against gangs, but still it was about nexus and motive. But here, I just don't know what we're supposed to do. There's not a finding that his testimony was not credible. Correct. So he credibly testified that the reason he was targeted was because of his refusal to join the gang. Yes. So what in the record would provide a basis for concluding that's not why he was targeted? And that's where the citation to Elias-Zacharias, where it shows the immigration judge cites to Elias-Zacharias and then says that it wasn't on account of a group. It was motivated by their seeking to increase their ranks, which is a different, that's the holding of the Supreme Court. But that's not what he credibly testified to. So I just don't understand how the, it's true that the distinction you draw is a distinction, but what in the record would support the conclusion that that's why the gang acted the way they did when there's credible testimony and nothing to it about it, that that's not why they acted the way they did? But there could be a reasonable inference drawn from the testimony that they target everyone once they, he did testify that the gang targets everyone once they've turned to a certain age for gang recruitment. And that's this idea, or it's reasonable that the immigration judge drew the inference from that testimony. But he separately credibly testified. Did he not separately credibly testify that they went after him because he had resisted them and refused to join them? I believe so. So what in the evidence would provide a basis, if that's credible testimony, what goes in the other direction? Just because that's credible doesn't mean that the immigration judge can't draw other inferences, for example, from them targeting everyone for gang recruitment and then targeting the people who refuse to join. And the immigration judge can reasonably draw that inference from that testimony that it was about joining ranks and not on account of his membership in this group. But additionally, and it sounds like our discussion has actually been sort of predicated on this point, but I just want to make clear that the immigration judge here did not just rely on matter of AB and say this is a gang claim, therefore it's not valid. That's not, matter of AB did not hold that. It did not hold that claims based on certain types of harm or certain persecutors can never be claims. So here, and I think it's evident from the immigration judge's decision that he relied on particular social group and nexus, things that had been clearly established through First Circuit and Supreme Court case law that these types of gang recruitment cases do not prevail because of these reasons, and that's the same situation here and not on some perceived claim prohibiting all claims relating to gang violence. Did the IJ cite matter of AB, I forget? No, the immigration judge did not. The decision did come out after matter of AB, but he did not cite it. If there are no further questions, your honors. Okay, thank you. Thank you. Thank you.